# IN THE COURT OF APPEALS OF IOWA

No. 21-0712
Filed March 2, 2022


**LAVELLE LONELLE McKINLEY,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


Lavelle Lonelle McKinley appeals from the summary dismissal of his

application for postconviction relief. **AFFIRMED.**


Jessica M. Donels of Parrish Kruidenier Dunn Gentry Brown Bergmann &

Messamer L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee State.


Considered by Bower, C.J., and Vaitheswaran and Chicchelly, JJ.

**BOWER, Chief Judge.**

Lavelle Lonelle McKinley pleaded guilty to murder in the second degree and sexual abuse in the second degree. McKinley did not appeal, and his conviction became final on March 9, 2016.

On December 8, 2018, McKinley filed a pro se "Motion to appoint me a lawyer to help me plea to a manslaughter." The district court denied the motion, advising McKinley to pursue postconviction relief (PCR) under Iowa Code chapter 822.

On March 23, 2018, the Iowa Supreme Court issued its opinion in *Schmidt v. State*, holding "the Iowa Constitution permits freestanding claims of actual innocence. Furthermore, freestanding claims of actual innocence permitted by the Iowa Constitution are available to applicants even though they pled guilty." 909 N.W.2d 778, 795 (Iowa 2018).

On January 26, 2021, McKinley filed a PCR application, which, after appointment of counsel and amendment, asserted claims of ineffective assistance of counsel and actual innocence. The State moved to dismiss the application, as it was time-barred under Iowa Code section 822.3 (2021). McKinley filed a resistance, arguing *Schmidt* provided a new ground of law, which extended the applicable statute of limitations for three years. The district court granted the motion to dismiss, finding McKinley could have filed his PCR application within three years from when his conviction was final and, consequently, the application was untimely. McKinley appeals.

"We review summary dismissals of [PCR] applications for errors at law." *Id.* at 784. PCR actions "must be filed within three years from the date the conviction

or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued." Iowa Code § 822.3. An exception is made for applications claiming "a ground of fact *or law that could not have been raised within the applicable time period*." *Id.* (emphasis added).

This court has previously rejected similar claims as McKinley's on appeal. *See Quinn v. State*, 954 N.W.2d 75, 76 (Iowa Ct. App. 2020) ("We have found *Schmidt* does not apply to overcome the statute of limitations where the evidence put forward to support a claim of actual innocence was available to the applicant or could have been discovered with due diligence within the limitations period."); *see also Blodgett v. State*, No. 19-1877, 2021 WL 4592782, at *2 (Iowa Ct. App. Oct. 6, 2021) ("[A] timely actual-innocence claim must be based on a new ground of fact in addition to the new ground of law announced in *Schmidt.*"). The district court did not err in determining McKinley's application was time-barred. Further opinion is unnecessary, and we affirm. *See* Iowa Ct. R. 21.26(1)(c).

**AFFIRMED.**